# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>   v.<br>JOSE ANTONIO SANDOVAL,<br><br>  Defendant. | Crim. Case No. 08cr2630 WQH<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the motion to vacate judgment (Doc. # 27) filed by the Defendant Jose Antonio Sandoval.

## BACKGROUND

On July 17, 2008, Defendant Sandoval was arrested at the Calexico Port of Entry driving a vehicle found to contain 19.38 kilograms of marijuana. Defendant was appointed counsel and released on bond.

On August 21, 2008, Defendant entered a plea of a guilty. The plea agreement stated in part as follows: "If defendant is not a United States citizen or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until

defendant has served any criminal sentence imposed in this or any other case." (Doc. # 12 at 10). At the time of the plea of guilty, the Magistrate Judge reviewed this portion of the plea agreement and informed the Defendant:

> If you are not a United States citizen, . . . your agreement[] calls for your removal from the United States after you've served your custodial sentence in this case. You're also agreeing, in the plea agreement anyway, that you are waiving any right to appeal or attack that removal order. And as I said, this provision is only applicable if you are not a United States citizen. If you're a border crosser or if you're not legally in the United States or if you are a permanent – or resident alien, then this affects your immigration status greatly. ... Mr. Sandoval, did you understand that provision?
> DEFENDANT SANDOVAL: Yes
> THE COURT: And do you accept that provision?
> DEFENDANT SANDOVAL: Yes

(Doc.# 26, pages 16-17).

On November 18, 2008, this Court held a sentencing hearing. Pursuant to the plea agreement the Government recommended a sentence of time served (five days). Counsel for the Defendant asked the Court to impose a lower sentence based in part upon the severe immigration consequences to the Defendant. The Court imposed a sentence of 60 days imprisonment. Defendant self surrendered on January 12, 2009.

On January 20, 2010, Defendant filed the motion before this Court to vacate his judgment. Defendant contends that he received ineffective assistance of counsel because his attorney failed to advise him of the immigration consequences of his plea. Defendant contends that his attorney failed to inform him that he would be deemed inadmissible to the United States based upon his conviction and that he would not be available for relief in immigration proceedings. Defendant contends that his defense counsel should have researched the law and negotiated a sentence that would not have triggered the deportation proceedings. The Government contends that the record in this case shows that the Defendant's attorney did advise the Defendant of the immigration consequences of his plea. The Government further contends that Defendant would have no legitimate claim to ineffective assistance of counsel under the Sixth Amendment, even if defense counsel had failed to advise him of the immigration consequences of his plea.

## RULING OF THE COURT

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that representation of defense counsel fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 688, 690 (1984). Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and thus in violation of the Sixth Amendment. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

Defendant provides no statute authorizing the Court to vacate or reduce the judgment in this case. Even assuming, contrary to the facts in the record, that defense counsel failed to advise the Defendant of the immigration consequences of his plea of guilty, the Defendant would not be entitled to the relief requested. *See United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir. 2003) ("[C]ounsel's failure to advise a defendant of collateral immigration consequences of the criminal process does not violate the Sixth Amendment right to effective assistance of counsel.).

IT IS HEREBY ORDERED that the Motion to vacate judgment (Doc. # 27) filed by the Defendant Jose Antonio Sandoval is DENIED.

DATED: March 9, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge